MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    DAVID J. KENNEDY
       ROBERT WILLIAM YALEN
       LAWRENCE H. FOGELMAN
       Assistant United States Attorneys
86 Chambers Street – 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2733 (Kennedy)
           (212) 637-2722 (Yalen)
           (212) 637-2719 (Fogelman)
Fax No.:  (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ALTRIA GROUP, INC.,

                        Plaintiff,                          08 Civ. 3144 (RJH)

            v.                                              ANSWER

                                                            ECF CASE

THE UNITED STATES OF AMERICA,

                        Defendant

----------------------------------------------------------x


       Defendant the United States of America, on behalf of the Internal Revenue

Service (the "IRS"), by its attorney Michael J. Garcia, United States Attorney for the

Southern District of New York, answers the complaint upon information and belief as

follows:

### Jurisdiction and Venue

1.     States that paragraph 1 of the Complaint consists of a statement of jurisdiction to

which no response is required, and avers that the statutes cited in paragraph 1 of the

Complaint are the statutes governing the Court's jurisdiction over this action.

2.      States that paragraph 2 of the Complaint consists of a statement of venue to which no response is required, and avers that the statute cited in paragraph 2 of the Complaint is the statute governing venue over this action.

## Refund Claimed

3.      States that the allegations of paragraph 3 of the Complaint consist of a characterization of this action to which no response is required, but to the extent a response is required, denies the allegations, except to admit that Plaintiff seeks a tax refund for calendar years 1998 and 1999.

## Parties to this Action

4.      Admits that Plaintiff is a corporation organized and existing under the laws of the state of Virginia, that it is a holding company engaged in the business of consumer packaged goods, and that its wholly owned subsidiaries are engaged in the manufacture and sale of various consumer products, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in the first three sentences of paragraph 4 of the Complaint.  Admits the allegations in the last two sentences of paragraph 4 of the Complaint.

5.      Admits the allegation in paragraph 5 of the Complaint.

6.      Admits the allegation in paragraph 6 of the Complaint.

## Factual Background

7.      Admits that Philip Morris Capital Corporation ("PMCC") is a wholly owned subsidiary of Plaintiff and a member of the Altria consolidated group, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 7 of the Complaint.

2

8.      Admits the allegation in paragraph 8 of the Complaint.

9.      Admits the allegation in paragraph 9 of the Complaint.

10.     Admits the allegation in paragraph 10 of the Complaint.

11.     States that paragraph 11 of the Complaint consists of a summary of the allegations of the Complaint, and respectfully refers the Court to each specific allegation and the response thereto.

**Oglethorpe Transactions**

12**.**     Admits the allegations of paragraph 12 of the Complaint to the extent that PMCC entered into three transactions with Oglethorpe Power Corp. and that Oglethorpe Power Corp. is an electrical cooperative which provides wholesale electric power to its members; denies that PMCC acquired any ownership interests thereby; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint.

13.     Admits the allegations of paragraph 13 of the Complaint.

14.     Admits the allegations of paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

Oglethorpe P1 Transaction

16.     Admits the allegation in paragraph 16 of the Complaint that PMCC entered into a transaction with Oglethorpe and otherwise states that the allegations in paragraph 16 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

17.     States that the allegations in paragraph 17 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 17 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

18.     States that the allegations in paragraph 18 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 18 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

19.     States that the allegations in paragraph 19 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 19 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

20.     States that the allegations in paragraph 20 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 20 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

Oglethorpe P2 Transaction

22.    Admits the allegation in paragraph 22 of the Complaint that PMCC entered into a second transaction with Oglethorpe and otherwise states that the allegations in paragraph 22 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

23.    States that the allegations in paragraph 23 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 23 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

24.     States that the allegations in paragraph 24 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 24 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

25.    States that the allegations in paragraph 25 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 25 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

26.    States that the allegations in paragraph 26 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 26

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

Oglethorpe N6 Transaction

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29.    States that the allegations in paragraph 29 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 29 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

30.    States that the allegations in paragraph 30 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 30 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

31.    States that the allegations in paragraph 31 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 31 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

32.    States that the allegations in paragraph 32 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 32 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

33.     States that the allegations in paragraph 33 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 33 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

34.    States that the allegations in paragraph 34 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 34 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

35.    States that the allegations in paragraph 35 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 35 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

36.    States that the allegations in paragraph 36 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 36

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38.     States that the allegations of paragraph 38 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

39.     States that the allegations of paragraph 39 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

40.     States that the allegations of paragraph 40 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

41.     States that the allegations of paragraph 41 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

42.     Admits the allegations of paragraph 42 of the Complaint.

**MTA Transaction**

43.     Admits the allegations in paragraph 43 of the Complaint to that PMCC entered into a transaction with the Metropolitan Transportation Authority of New York ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA"), and that MTA is a public benefit corporation of the State of New York which operates, develops, improves and implements policy for public transportation in the New York City metropolitan region;

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint.

44.    Admits the allegations in the first two sentences of paragraph 44 of the Complaint, except denies knowledge or information sufficient to form a belief as to truth of the allegations contained in the last sentence in paragraph 44 of the Complaint.

45.    States that the allegations in paragraph 45 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 45 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

46.    States that the allegations in paragraph 46 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 46 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

47.    States that the allegations in paragraph 47 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 47 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

48.    States that the allegations in paragraph 48 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 48

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

49.     States that the allegations in paragraph 49 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 49 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

50.     States that the allegations in paragraph 50 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 50 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52.     States that the allegations of paragraph 52 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

53.     States that the allegations of paragraph 53 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

54.     States that the allegations of paragraph 54 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

55.    States that the allegations of paragraph 55 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

56.    Admits the allegations in paragraph 56 of the Complaint.

**Seminole Transactions**

57.    Admits the allegations of paragraph 57 of the Complaint that GFCC entered into transactions with Seminole and that Seminole is an electrical cooperative that provides wholesale electric service to its members; denies that GFCC acquired any ownership interests thereby; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Complaint.

58.    States that the term "Seminole Generating Plant" is not defined in the Complaint, but admits that Seminole has two 625 megawatt coal-fired generating units in Palatka, Florida; states that the remaining allegations of paragraph 58 of the Complaint consist of characterizations of documents, and respectfully refers the Court to the documents themselves for the content thereof.

59.    Denies knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.    States that the allegations in paragraph 60 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 60 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

Seminole P1 Transaction

61.     Admits the allegation in paragraph 61 of the Complaint that GFCC entered into a transaction with Seminole and otherwise states that the allegations in paragraph 61 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

62.     States that the allegations in paragraph 62 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 62 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

63.     States that the allegations in paragraph 63 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 63 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

64.     States that the allegations in paragraph 64 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 64 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

65.     States that the allegations in paragraph 65 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 65

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

66.    States that the allegations in paragraph 66 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 66 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint.

Seminole P2 Transaction

68.    Admits the allegation in paragraph 68 of the Complaint that GFCC entered into a second transaction with Seminole and otherwise states that the allegations in paragraph 68 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

69.    States that the allegations in paragraph 69 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 69 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

70.    States that the allegations in paragraph 70 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 70

13

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

71.    States that the allegations in paragraph 71 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 71 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

72.    States that the allegations in paragraph 72 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 72 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

73.    States that the allegations in paragraph 73 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 73 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint.

75.    States that the allegations of paragraph 75 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

76. States that the allegations of paragraph 76 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

77. States that the allegations of paragraph 77 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

78. States that the allegations of paragraph 78 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

79. States that the allegations of paragraph 79 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

80. Admits the allegations in paragraph 80 of the Complaint.

**Veluwe Transaction**

81. Admits the allegation in paragraph 81 of the Complaint that PMCC entered into a transaction with Veluwe; denies that PMCC acquired any ownership interests thereby; and, to the extent that the remaining allegations of paragraph 81 consist of legal conclusions, no response is required, but to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.    States that the allegations in paragraph 86 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 86 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

87.    Admits to the allegation in paragraph 87 of the Complaint that PMCC entered into a transaction with Veluwe but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of the Complaint.

88.    States that the allegations in paragraph 88 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 88 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

89.    States that the allegations in paragraph 89 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 89

of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

90.    States that the allegations in paragraph 90 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 90 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

91.    States that the allegations in paragraph 91 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 91 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

92.    States that the allegations in paragraph 92 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 92 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

93.    States that the allegations in paragraph 93 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 93 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint.

95.     States that the allegations of paragraph 95 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

96.     States that the allegations of paragraph 96 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

97.     States that the allegations of paragraph 97 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

98.     States that the allegations of paragraph 98 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

99.     Admits the allegations in paragraph 99 of the Complaint.

**Vallei Transaction**

100.     Admits the allegations in paragraph 100 of the Complaint that PMCC entered into a transaction with Vallei and that Vallei is an independent government agency of the Netherlands with responsibility for water quantity and water quality in its assigned geographic region, including the treatment of wastewater; denies that PMCC acquired any ownership interests thereby; and, to the extent that the remaining allegations of paragraph 100 consist of legal conclusions, no response is required, but to the extent a

response is required, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

101.     Admits the allegations in paragraph 101 of the Complaint to the extent that Vallei is an independent government agency of the Netherlands with responsibility for water quantity and water quality in its assigned geographic region, including the treatment of wastewater, and that Vallei operates the four wastewater treatment facilities identified in paragraph 101 of the Complaint; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 of the Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.     States that the allegations in paragraph 106 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 106 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

107.     Admits the allegation in paragraph 107 of the Complaint that PMCC entered into a transaction with Vallei and states that the remaining allegations in paragraph 107 of the

Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

108.    States that the allegations in paragraph 108 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 108 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

109.    States that the allegations in paragraph 109 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 109 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

110.    States that the allegations in paragraph 110 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 110 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

111.    States that the allegations in paragraph 111 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 111 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

112.     States that the allegations in paragraph 112 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 112 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

113.     States that the allegations in paragraph 113 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 113 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 of the Complaint.

115.     States that the allegations of paragraph 115 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

116.     States that the allegations of paragraph 116 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

117.     States that the allegations of paragraph 117 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

118.    States that the allegations of paragraph 118 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

119.    Admits the allegations in paragraph 119 of the Complaint.

**USHN Transaction**

120.    Admits the allegation in paragraph 120 of the Complaint that PMCC entered into a transaction with USHN; denies that PMCC acquired any ownership interests thereby; and, to the extent that the remaining allegations of paragraph 120 consist of legal conclusions, no response is required, but to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint.

126.    States that the allegations in paragraph 126 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents

themselves for the content thereof, and to the extent that the allegations in paragraph 126 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

127.    Admits the allegation in paragraph 127 of the Complaint that PMCC entered into a transaction with USHN and otherwise states that the allegations in paragraph 127 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

128.    States that the allegations in paragraph 128 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 128 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations. Defendant specifically denies that PMCC acquired an ownership interest, as alleged in paragraph 128 of the Complaint.

129.    States that the allegations in paragraph 129 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 129 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

130.    States that the allegations in paragraph 130 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 130 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

131.    States that the allegations in paragraph 131 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 131 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

132.    States that the allegations in paragraph 132 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 132 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.

133.    States that the allegations in paragraph 133 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 133 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint.

135.    States that the allegations of paragraph 135 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

136.    States that the allegations of paragraph 136 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

137.     States that the allegations of paragraph 137 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

138.     States that the allegations of paragraph 138 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

139.    Admits the allegations in paragraph 139 of the Complaint.

**City of Zurich Transaction**

140.     Admits the allegations in paragraph 140 of the Complaint that PMCC entered into a transaction with the City of Zurich, Switzerland and that HNB entered into a transaction with the City of Zurich, Switzerland; denies that PMCC and/or HNB acquired any ownership interests thereby; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 of the Complaint.

VBZ-65 Vehicle Maintenance Facility Transaction

141.    Admits the allegation in paragraph 141 of the Complaint that PMCC entered into a transaction with City of Zurich and otherwise states that the allegations in paragraph 141 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Complaint.

143.    States that the allegations in paragraph 143 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 143

25

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

144.    States that the allegations in paragraph 144 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 144 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

145.    States that the allegations in paragraph 145 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 145 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

146.    States that the allegations in paragraph 146 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 146 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint.

148.    States that the allegations of paragraph 148 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

149.    States that the allegations of paragraph 149 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

150.     States that the allegations of paragraph 150 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

151.    States that the allegations of paragraph 151 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

VBZ-67 Transaction

152.    Admits the allegation in paragraph 152 of the Complaint that PMCC entered into a transaction with the City of Zurich and otherwise states that the allegations in paragraph 152 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153 of the Complaint.

154.    States that the allegations in paragraph 154 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 154 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

155.     States that the allegations in paragraph 155 of the Complaint consist of

characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 155 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

156.    States that the allegations in paragraph 156 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 156 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

157.    States that the allegations in paragraph 157 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 157 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint.

159.    States that the allegations of paragraph 159 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

160.    States that the allegations of paragraph 160 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

161.    States that the allegations of paragraph 161 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

162.    States that the allegations of paragraph 162 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

EWZ Transaction

163.    Admits the allegation in paragraph 163 of the Complaint that PMCC entered into a transaction with the City of Zurich and otherwise states that the allegations in paragraph 163 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

164.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 of the Complaint.

165.    States that the allegations in paragraph 165 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 165 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

166.    States that the allegations in paragraph 166 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 166 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

167.    States that the allegations in paragraph 167 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 167 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

168.    States that the allegations in paragraph 168 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 168 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint.

170.    States that the allegations of paragraph 170 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

171.    States that the allegations of paragraph 171 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

172.    States that the allegations of paragraph 172 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

173.    States that the allegations of paragraph 173 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

<u>WVZ Transaction</u>

174.    Admits the allegation in paragraph 174 of the Complaint that PMCC entered into a transaction with the City of Zurich and otherwise states that the allegations in paragraph 174 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 of the Complaint.

176.    States that the allegations in paragraph 176 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 176 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

177.    States that the allegations in paragraph 177 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 177 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

178.    States that the allegations in paragraph 178 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 178

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

179.    States that the allegations in paragraph 179 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 179 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180 of the Complaint.

181.    States that the allegations of paragraph 181 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

182.    States that the allegations of paragraph 182 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

183.    States that the allegations of paragraph 183 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

184.    States that the allegations of paragraph 184 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

<u>VBZ Bus Depot Transaction</u>

185.    Admits the allegation in paragraph 185 of the Complaint that PMCC entered into a transaction with the City of Zurich and otherwise states that the allegations in paragraph 185 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

186.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186 of the Complaint.

187.    States that the allegations in paragraph 187 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 187 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

188.    States that the allegations in paragraph 188 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 188 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

189.    States that the allegations in paragraph 189 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 189 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

190.    States that the allegations in paragraph 190 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 190 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191 of the Complaint.

192.    States that the allegations of paragraph 192 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

193.    States that the allegations of paragraph 193 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

194.    States that the allegations of paragraph 194 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

195.    States that the allegations of paragraph 195 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

VBZ Tram Transaction

196.    Admits the allegation in paragraph 196 of the Complaint that HNB entered into a transaction with the City of Zurich and otherwise states that the allegations in paragraph

196 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197 of the Complaint.

198.     States that the allegations in paragraph 198 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 198 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

199.    States that the allegations in paragraph 199 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 199 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

200.     States that the allegations in paragraph 200 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 200 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

201.    States that the allegations in paragraph 201 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 201

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

202.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202 of the Complaint.

203.    States that the allegations of paragraph 203 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

204.    States that the allegations of paragraph 204 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

205.    States that the allegations of paragraph 205 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

206.    States that the allegations of paragraph 206 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

**Delta Gas**

207.    Admits the allegation of paragraph 207 of the Complaint that PMCC entered into a transaction with the DELTA Netwerk Gas B.V. but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 207 of the Complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 208 of the Complaint.

209.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 209 of the Complaint.

210.    States that the allegations in paragraph 210 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 210 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

211.    States that the allegations in paragraph 211 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 211 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

212.    States that the allegations in paragraph 212 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 212 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

213.    States that the allegations in paragraph 213 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 213 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

214.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214 of the Complaint.

215.     States that the allegations of paragraph 215 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

216.     States that the allegations of paragraph 216 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

217.     States that the allegations of paragraph 217 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

218.     States that the allegations of paragraph 218 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

**Messe Zurich Transaction**

219.     Admits the allegation of paragraph 219 of the Complaint that HNB entered into a transaction with Messe Zurich, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 219 of the Complaint.

220.     States that the allegations in paragraph 220 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 220 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

221.    States that the allegations in paragraph 221 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 221 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

222.    States that the allegations in paragraph 222 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 222 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

223.    States that the allegations in paragraph 223 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 223 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 224 of the Complaint.

225.    States that the allegations of paragraph 225 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

226.    States that the allegations of paragraph 226 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

227.    States that the allegations of paragraph 227 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

228.    States that the allegations of paragraph 228 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

**Winterthur Transaction**

229.    Admits the allegation of paragraph 229 of the Complaint that PMCC entered into a transaction with Winterthur Life, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 229 of the Complaint.

230.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230 of the Complaint.

231.    States that the allegations in paragraph 231 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 231 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

232.    States that the allegations in paragraph 232 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 232 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

233.    States that the allegations in paragraph 233 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 233 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

234.    States that the allegations in paragraph 234 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 234 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

235.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 of the Complaint.

236.    States that the allegations of paragraph 236 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

237.    States that the allegations of paragraph 237 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

238.    States that the allegations of paragraph 238 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

239.    States that the allegations of paragraph 239 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

**OBB Transactions**

240.    Admits the allegations of paragraph 240 of the Complaint that HNB and PMCC entered into transactions with Osterreichische Bundesbahnen ("OBB"), denies that either HNB or PMCC acquired an ownership interest as alleged in paragraph 240 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 240 of the Complaint.

OBB 1999-1 Transaction

241.    Admits the allegation of paragraph 241 of the Complaint that HNB entered into a transaction with OBB, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 241 of the Complaint.

242.    States that the allegations in paragraph 242 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 242 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

243.    States that the allegations in paragraph 243 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 243 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

244.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 244 of the Complaint.  To the extent that the remainder of the allegations of paragraph 244 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.  Defendant specifically denies that HNB acquired an ownership interest, as alleged in paragraph 244 of the Complaint.

245.     States that the allegations in paragraph 245 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 245 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

246.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "remaining useful life" contained in paragraph 246 of the Complaint; states that the remaining allegations in paragraph 246 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the remaining allegations in paragraph 246 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

247.     States that the allegations in paragraph 247 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 247

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

248.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 248 of the Complaint.

249.    States that the allegations of paragraph 249 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

250.    States that the allegations of paragraph 250 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

251.    States that the allegations of paragraph 251 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

252.    States that the allegations of paragraph 252 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

The OBB 1999-2 Transaction

253.    Admits the allegation of paragraph 253 of the Complaint that PMCC entered into a transaction with OBB, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 253 of the Complaint.

254.    States that the allegations in paragraph 254 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 254

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

255.    States that the allegations in paragraph 255 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 255 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

256.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 256 of the Complaint.  To the extent that the remainder of the allegations of paragraph 256 of the Complaint consist of legal conclusions, no response is required, but to the extent a response is required, denies the allegations.  Defendant specifically denies that PMCC acquired an ownership interest, as alleged in paragraph 256 of the Complaint.

257.    States that the allegations in paragraph 257 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 257 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

258.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "remaining useful life" contained in paragraph 258 of the Complaint; states that the remaining allegations in paragraph 258 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the remaining

allegations in paragraph 258 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

259.    States that the allegations in paragraph 259 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 259 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

260.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 260 of the Complaint.

261.    States that the allegations of paragraph 261 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

262.    States that the allegations of paragraph 262 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

263.    States that the allegations of paragraph 263 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

264.    States that the allegations of paragraph 264 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

**EDON Transactions**

265.    Admits the allegation of paragraph 265 of the Complaint that PMCC entered into a transaction with EDON VAM, denies that PMCC acquired any ownership interest thereby, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 265 of the Complaint.

The EDON 1999-1 Transaction

266.    Admits the allegations of paragraph 266 of the Complaint to the extent that PMCC entered into a transaction with EDON VAM, and otherwise states that the allegations in paragraph 266 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

267.    States that the allegations in paragraph 267 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 267 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

268.    States that the allegations in paragraph 268 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 268 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

269.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "remaining useful life" contained in paragraph 269 of the Complaint; states that the remaining allegations in paragraph 269 of the Complaint

consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the remaining allegations in paragraph 269 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

270.     States that the allegations in paragraph 270 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 270 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

271.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "remaining useful life" contained in paragraph 271 of the Complaint; states that the remaining allegations in paragraph 271 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the remaining allegations in paragraph 271 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

272.     States that the allegations in paragraph 272 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 272 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

48

273.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 273 of the Complaint.

274.    States that the allegations of paragraph 274 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

275.    States that the allegations of paragraph 275 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

276.    States that the allegations of paragraph 276 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

277.    States that the allegations of paragraph 277 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

The EDON 1999-2 Transaction

278.    Admits the allegation of paragraph 278 of the Complaint that HNB entered into a transaction with EDON VAM, and otherwise states that the allegations in paragraph 278 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof.

279.    States that the allegations in paragraph 279 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 279

of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

280.    States that the allegations in paragraph 280 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 280 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

281.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "remaining useful life" contained in paragraph 281 of the Complaint; states that the remaining allegations in paragraph 281 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 281 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

282.    States that the allegations in paragraph 282 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 282 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

283.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "remaining useful life" contained in paragraph 283 of the Complaint; states that the remaining allegations in paragraph 283 of the Complaint

consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 283 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

284.    States that the allegations in paragraph 284 of the Complaint consist of characterizations of documents and respectfully refers the Court to the documents themselves for the content thereof, and to the extent that the allegations in paragraph 284 of the Complaint consist of legal conclusions to be drawn from such documents, no response is required, but to the extent a response is required, denies the allegations.

285.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 285 of the Complaint.

286.    States that the allegations of paragraph 286 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

287.    States that the allegations of paragraph 287 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

288.    States that the allegations of paragraph 288 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

289.   States that the allegations of paragraph 289 of the Complaint consist of legal conclusions to which no response is required, but to the extent a response is required, denies the allegations.

**Count One (Taxable Year Ended December 31, 1998)**

290.   Repeats and incorporates paragraphs 1 through 289 of its Answer.

291.   Admits the allegations of paragraph 291 of the Complaint.

292.   Admits the allegations of paragraph 292 of the Complaint.

293.   Admits the allegations of paragraph 293 of the Complaint.

294.   Admits the allegations of paragraph 294 of the Complaint.

295.   Admits the allegations of the first sentence of paragraph 295 of the Complaint, and otherwise denies the allegations of paragraph 295 of the Complaint.

296.   Admits the allegations of paragraph 296 of the Complaint.

297.   Admits the allegations of paragraph 297 of the Complaint except denies knowledge or information sufficient to form a belief as to truth of the allegation in paragraph 297 that Plaintiff has not made an assignment of its claim for refund.

**Count Two (Taxable Year Ended December 31, 1997)**

298.   Repeats and incorporates paragraphs 1 through 297 of its Answer.

299.   Admits the allegations of paragraph 299 of the Complaint.

300.   Admits the allegations of paragraph 300 of the Complaint.

301.   Admits the allegations of paragraph 301 of the Complaint.

302.   Denies the allegations of paragraph 302 of the Complaint, and avers that on or about April 13, 2006, Plaintiff was credited with overpayments from prior years.

303.    Admits the allegations of the first sentence of paragraph 303 of the Complaint, and otherwise denies the allegations of paragraph 303 of the Complaint.

304.    Admits the allegations of paragraph 304 of the Complaint.

305.    Admits the allegations of paragraph 305 of the Complaint except denies knowledge or information sufficient to form a belief as to truth of the allegation in paragraph 305 that Plaintiff has not made an assignment of its claim for refund.

306.    The allegations and prayers for relief set forth in the unnumbered paragraph beginning "Wherefore" are prayers for relief to which no response is required, but to the extent that a response is required, denies the allegations and prayers for relief set forth in the "Wherefore" clause.

WHEREFORE, the United States demands judgment dismissing the complaint and granting such further relief as this Court deems just, including its costs and disbursements.

**The United States demands trial by jury.**

Dated: May 27, 2008
New York, New York

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:    /s/ Lawrence H. Fogelman
DAVID J. KENNEDY
ROBERT WILLIAM YALEN
LAWRENCE H. FOGELMAN
Assistant United States Attorneys
86 Chambers Street – 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2733 (Kennedy)
(212) 637-2722 (Yalen)
(212) 637-2719 (Fogelman)
Fax No.: (212) 637-2686

TO: Lawrence A. Dany III
SUTHERLAND ASBILL & BRENNAN LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036